**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAIME LUEVANO,

      Plaintiff,

v.                                                     No. CIV 08- 0781 WJ/KBM

GOV. BILL RICHARDSON (N.M.),
U.S. REP. CONGRESS PEOPLE (N.M.),
U.S. SENATORS (N.M.), ETC. AL.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceeding forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in El Paso, Texas. His complaint alleges that he has been denied access to all courts in Texas and his life has been put in danger because he has threatened to "expose more enterprise corruptions conspiracies." In addition, sheriff's officers have attempted to "get away with their corruptions" by falsely stating that Plaintiff is under suicide watch. Plaintiff's reason for naming New Mexico elected officials and filing his complaint in this Court is that "[t]he next closest assistance is the Sister State of New Mexico." The complaint does not identify the relief sought.

This Court may not grant relief on Plaintiff's allegations. Even if the allegations are true and construed liberally, no claim is stated by the mere assertion that a defendant might be able to assist a plaintiff. A viable § 1983 claim must be based on an allegation that a defendant caused an injury to Plaintiff that may be redressed by judicial action. "The plaintiff must show the defendants 'caused' the constitutional deprivation." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (quoting *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990)). As noted by the Tenth Circuit in a related context, "this court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in *Cox* opinion) (emphasis added). The Court will dismiss the complaint against these Defendants with prejudice. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in [another] court"), *abrogated on other*

*grounds by Jones v. Bock*, --- U.S. ---, ---, 127 S. Ct. 910, 920-921 (2007).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE